******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE RESERVE REALTY, LLC, ET AL. *v.* BLT
RESERVE, LLC, ET AL.
(AC 38440)

Alvord, Sheldon and Schaller, Js.

*Submitted on briefs January 4—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of
Danbury, Truglia, J.)

*Daniel E. Casagrande* and *Lisa M. Rivas* filed a brief
for the appellants (plaintiffs).

*Christopher Rooney* and *Brian A. Daley* filed a brief
for the appellee (named defendant).

*David F. Bennett* filed a brief for the appellee (defendant Century 21 Scalzo Realty, Inc.)

*Opinion*

PER CURIAM. In this action to foreclose a real estate broker's lien, the plaintiffs, The Reserve Realty, LLC (Reserve Realty) and Theodore Haddad, Sr., as executor of the estate of Jeanette Haddad, appeal from the judgment rendered by the trial court in favor of the defendant BLT Reserve, LLC (BLT).[1] On appeal, the plaintiffs claim that the court improperly determined that (1) the purchase and sale agreement upon which they based their claim for brokerage fees constituted part of an illegal tying arrangement in violation of the Connecticut Antitrust Act, (2) the listing agreements entered into pursuant to such purchase and sale agreement did not comply with General Statutes § 20-325a, and (3) such listing agreements were unenforceable by the plaintiffs because they were personal to Jeanette Haddad. We affirm the judgment of the trial court.

The record discloses the following facts. In July, 2013, the plaintiffs brought a breach of contract action in which BLT was a defendant. See *Reserve Realty, LLC* v. *Windemere Reserve, LLC*, 174 Conn. App.    , A.3d    (2017). That action concerned the purchase and sale agreement for a parcel of land purchased by BLT, known as parcel 13, and listing agreements through which BLT granted Jeanette Haddad and Scalzo Realty; see footnote 1 of this opinion; the exclusive right to sell and/or lease parcel 13 and a 3 percent commission on any sale and/or lease of the property. On May 10, 2013, the plaintiffs executed a broker's lien on parcel 13 in favor of Reserve Realty and the estate of Jeanette Haddad in the amount of a 3 percent commission on the gross selling price or gross rental price of any portion of the parcel. Subsequently, on May 8, 2014, the plaintiffs brought the present action seeking to foreclose on the broker's lien.

On July 1, 2015, the trial court in the breach of contract action held that the listing agreements between the plaintiffs and BLT on which the lien in the present action is based were invalid and unenforceable. See *Reserve Realty, LLC* v. *Windemere Reserve, LLC*, supra, 174 Conn. App.    . Consequently, on September 28, 2015, the parties filed a stipulation in the present action that the memorandum of decision in the breach of contract action required the conclusion that the plaintiffs could not establish probable cause to sustain the validity of the lien, as required by General Statutes § 20-325e.[2] The plaintiffs, however, reserved all rights to appeal. The trial court rendered judgment discharging the lien in accordance with the stipulation. The plaintiffs then filed this appeal.[3]

On appeal, the plaintiffs make three claims identical to those made in the appeal from the judgment in their breach of contract action. As the disposition of the claims in the present appeal must be governed by the

disposition of the claims in *Reserve Realty, LLC* v. *Windemere Reserve, LLC*, supra, 174 Conn. App.    , we conclude that the judgment discharging the lien must be affirmed.

The judgment is affirmed.

[1] Century 21 Scalzo Realty, Inc. (Scalzo Realty) and The Reserve Master Association, Inc., also were named as defendants. The action was withdrawn as to the latter. Scalzo Realty filed a brief adopting BLT's position in this appeal.

[2] General Statutes § 20-325e (a) provides in relevant part: "Whenever one or more real property claims for liens are placed upon any real estate pursuant to section 20-325a, the owner of the real estate, if no action to foreclose the claim is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 20-325a or to any judge thereof, that a hearing or hearings to be held to determine whether the claim for lien or liens should be discharged . . . ."

[3] On October 5, 2016, BLT, pending the appeal, filed a motion in the trial court to substitute bond for the broker's lien. The trial court granted the motion on December 6, 2016. A hearing was scheduled for January 23, 2016 to establish the amount of bond required. On January 23, 2016, BLT withdrew the motion to substitute bond. These actions have no bearing on the disposition of the present appeal.